192 N.J. Super. 474 (1984)
471 A.2d 60
HENRY PAWELEC, D/B/A P.H. TOOL CO., PLAINTIFF-RESPONDENT,
v.
DIGITCOM, INC. AN OHIO CORPORATION, DEFENDANT-APPELLANT, AND STEPHENSON MACHINERY COMPANY, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued December 13, 1983.
Decided January 9, 1984.
*476 Before Judges MICHELS, KING and DREIER.
Sean R. Kelly argued the cause for appellant (Pitney, Hardin, Kipp & Szuch, attorneys; Robert G. Rose and Frederick L. Whitmer, on the briefs).
John E. Schwartz argued the cause for respondent Henry Pawelec, d/b/a P.H. Tool Co. (John E. Schwartz on the brief).
Gregory J. Irwin argued the cause for respondent Stephenson Machinery Co. (Harwood, Lloyd, Ryan, Coyle & McBride, attorneys; Gregory J. Irwin, on the brief).
The opinion of the court was delivered by DREIER, J.A.D.
Defendants, Digitcom, Inc. (Digitcom) and Stephenson Machinery Co. (Stephenson) appeal from a verdict awarding plaintiff $45,000 for lost profits on the basis of a breach of an implied warranty of fitness for a particular purpose, N.J.S.A. 12A:2-315. Plaintiff, Henry Pawelec doing business as P.H. Tool Co. (Pawelec) purchased a Kondia K-76 model number *477 2578-30, milling machine with a Digitcom three axis micro processor controller from defendant Stephenson for $38,000. Stephenson's President, Patrick O'Gorman, first took plaintiff to see a sample of the milling machine and control panel in operation at another plant and represented to plaintiff in the written purchase order that the controls could drive the milling machine in a rapid traverse mode at 190 inches per minute, and said that the machine was exactly the equipment that plaintiff needed. Stephenson, in turn, contends that this representation was made because the specifications given to Stephenson by Digitcom in its brochure indicated that this speed could be maintained. There is no indication that Digitcom at any time dealt directly with plaintiff. Until after delivery of the machine  thus sometime after Pawelec agreed to purchase the milling machine and controls from Stephenson  Pawelec did not even see Digitcom's operator's manual with the specifications restated, which incidentally also contained a limited warranty and statement negating the statutory implied warranties of merchantability and fitness for a particular purpose.
The trial judge in charging the jury lumped together the liability of Digitcom and Stephenson on a theory that Stephenson was Digitcom's agent in this transaction. We note from a review of the record that there is no evidence of such agency other than a single statement by O'Gorman on cross-examination that he was the agent of Digitcom, without any facts to support this contention. From all of the facts before us it is clear that Stephenson was a merchant (see N.J.S.A. 12A:2-104(1)) who as a dealer in machinery purchased both the milling machine and controls from Digitcom which retrofitted the desired controller, and then sold them to plaintiff. There, thus, was no basis for the trial court's decision to submit the issue of Digitcom's direct responsibility to plaintiff for a breach of an implied warranty of fitness for a particular purpose to the jury. Such a theory of liability requires privity[1], Newmark v. Gimbel's *478 Inc., 54 N.J. 585, 600 (1969), (unlike the implied warranty of merchantability N.J.S.A. 12A:2-314; Herbstman v. Eastman Kodak Co., 68 N.J. 1, 8 (1975)), and the dealer who made the representation of fitness is left to its remedy against the manufacturer either for indemnification for supplying a defective product under a strict liability theory, Newmark, 54 N.J. at 600; Cartel Capital Corp. v. Fireco of N.J., 81 N.J. 548, 565 (1980), or, as here, on an express warranty theory, N.J.S.A. 12A:2-313. The brochure which described the control unit contained the specifications on which Stephenson relied in making its fitness recommendations to plaintiff; as such, these specifications could be express warranties. N.J.S.A. 12A:2-313, U.C.C. comment 5.
Plaintiff's judgment against Digitcom must be set aside by us as it should have been on the post-trial motion for a judgment n.o.v. However, considering the court's correct decision that Stephenson was entitled to be indemnified by Digitcom on the basis of the representations it had set forth in its specifications and upon which Stephenson had relied in making its own warranties to plaintiff, the net effect of the court's error is harmless. Rather than Digitcom's liability being to plaintiff directly, it will be to indemnify Stephenson for the liability properly found by the jury. Digitcom asserts that plaintiff and Stephenson should have known that the specifications in its brochure did not apply to the heavy machine purchased by plaintiff, but only to lighter machines. The problem with this argument is that Digitcom's brochure specifically sets forth the speed in question (180 inches per minute), and contains a picture of the very machine purchased by plaintiff as one upon which the Digitcom controls could be placed. No reference is made either in the specifications or under the picture of the machine that there is any limitation with respect to the combination of the heavy machine and the Digitcom unit. Although during his testimony, O'Gorman noted specifically that plaintiff's machine was one of the heavier *479 types, he was not asked whether he knew that there would be any difficulty in the Digitcom control unit working to its published specifications on the heavy machine.
Digitcom also urges that its limitation of warranty and remedy set forth in the operating manual attached to its control unit should be given effect. Since we have found that there was no express or implied warranty given by Digitcom to plaintiff, the limitation of warranty or remedy is irrelevant between these parties. With respect to Stephenson, there was no showing that Stephenson saw the warranty or limitations, which were strapped to the machine in an envelope. Rather, Stephenson relied on the express representations of the specifications of the product from Digitcom's brochure. There were no limitations of warranty contained in the brochure, and, in fact, the brochure stated: "DIGITCOM INC. WARRANTS THE INNOVATOR [THE CONTROL UNIT] TO BE FREE FROM DEFECTS IN MATERIAL AND WORKMENSHIP UNDER NORMAL USE AND SERVICE FOR A PERIOD OF ONE YEAR FROM DATE OF SHIPMENT."
Digitcom further argues that the limitation terms should nevertheless be applied because the parties were merchants within the Uniform Commercial Code's definition. N.J.S.A. 12A:2-104(1), -104(3). Thus Digitcom claims the limitation of warranty and remedy contained in its later-delivered booklet became an additional term of the contract between the parties, citing N.J.S.A. 12A:2-207(2). This statute is inapplicable, since it is meant to pertain to an exchange of purchase orders, invoices, confirmations, acceptance forms, etc., between a buyer and seller and provides rules as to when additional terms become part of a contract between merchants. There was no proof of such an exchange of forms in this case. Stephenson relied on Digitcom's brochure and Digitcom's later delivery of the operating manual with the unit shipped to plaintiff does not fulfill the requirements of N.J.S.A. 12A:2-207.
Lastly, Digitcom claims that it should not indemnify Stephenson because Stephenson was at fault in this transaction *480 and is barred from being indemnified under Cartel Capital Corp. v. Fireco of N.J., supra, 81 N.J. at 566. It is true that if a party seeking indemnification is independently liable to the plaintiff, such party's claim cannot be for indemnification, but must be limited to contribution; but in this case there is no showing of independent fault on the part of Stephenson. It is disingenuous for Digitcom, upon whose specifications Stephenson relied in making its selection of the control unit, to urge that Stephenson is barred because it is here being held liable based upon this very reliance. This is not the type of independent liability envisioned by Cartel Capital. (There Fireco was barred from seeking indemnification from Ansul as distributor of Ansul's fire extinguisher unit by Fireco's independent negligence in the manner in which the unit had been installed.)
We have carefully reviewed the record and determine that, with the modification noted, the judgment should be affirmed, since substantial justice was done in allocating responsibility among these parties.
The judgment appealed from is modified to vacate the judgment in favor of plaintiff against Digitcom. We affirm the judgment in favor of plaintiff against defendant Stephenson, and the judgment for indemnification in favor of Stephenson against Digitcom.
NOTES
[1] If Stephenson were the agent of the plaintiff with respect to the transmittal of the buyer's desire to rely on the manufacturer's skill or judgment, then N.J.S.A. 12A:2-315 would have been satisfied. The same would have been so if Stephenson were the agent of Digitcom. But here there was no link between the plaintiff and Digitcom by which the former relied upon "the seller's skill or judgment to select or furnish suitable goods," as required by the statute.

We also note that since New Jersey has not adopted either of the alternative formulations of § 2-318 proposed by the American Law Institute and National Conference of Commissioners on Uniform State Laws (as amended in 1966), N.J.S.A. 12A:2-318 as it now exists, would not extend this warranty to plaintiff. See, e.g. Ontai v. Straub Clinic & Hospital, Inc., 659 P.2d 734, 35 U.C.C. Rep. 1154 (Hawaii 1983).